**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GERALD LACAP and GRACE MESDE LACAP,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>HILLSBOROUGH MORTGAGE CO., LLC; FEDERAL DEPOSIT INSURANCE CORPORATION in its capacity as Receiver of AMTRUST BANK; and DOES 1 through 50, inclusive,<br><br>　　　　Defendant. | 1:11-cv-00266-OWW<br><br>ORDER RE: DEFENDANT'S MOTION TO DISMISS (Doc 6) |

## I. INTRODUCTION

Plaintiffs Gerald Lacap and Grace Mesde Lacap ("Plaintiffs") filed suit against Hillsborough Mortgage Co., LLC ("Hillsborough") and Amtrust Bank, a division of NYCB Mortgage Co., LLC ("AmTrust"). First Amended Complaint, Doc. 1-2 ("FAC"). The Federal Deposit Insurance Corporation, in its capacity as Receiver ("FDIC-R"), was substituted by order of the state court in the place of AmTrust. The FDIC-R timely removed this case to the federal court. The FAC alleges misrepresentation, promises made without intent to perform, and violations of California Business and Professions Code § 17200 by Hillsborough and

1

AmTrust. FAC at ¶¶ 42-67. Plaintiffs seek a judgment voiding the Trustee's Sale of Plaintiffs' property and any documents recorded against the Plaintiffs' fee simple title as a result of the Trustee's Sale, rescission of the written agreement, and damages. FAC at ¶¶ 68-70.

Before the Court for decision is Defendant FDIC-R's motion to dismiss for lack of subject matter jurisdiction (Doc. 6, filed May. 18, 2011) pursuant to Federal Rules of Civil Procedure 12(b)(1). Defendant argues that because the Plaintiffs did not exhaust their administrative remedies as required by 12 U.S.C. §§ 1821, et seq., no court has the jurisdiction to hear plaintiffs' claims. Plaintiffs have not filed an opposition.

## II.  **BACKGROUND**

Plaintiffs' claims arise out of two loans from Hillsborough and AmTrust, used by Plaintiffs to purchase a home located at 3211 West Ceres Street, Visalia, California ("Subject Property"). FAC at ¶ 21. Two deeds of trust securing the two adjustable rate mortgages made to Plaintiffs were recorded on April 28, 2006. Doc. 6-1. The Plaintiffs later defaulted on the loans when the rates automatically adjusted so as to require monthly payments exceeding Plaintiffs' means to pay. FAC at ¶¶ 21-41. This default resulted in a Notice of Default and the recording of a Trustee's Deed on August 18, 2009 that transferred title to the Subject Property to AmTrust. Doc. 6-1. AmTrust later transferred the property to the Federal National Mortgage Association on November 19, 2009. Doc. 6-1.

The following month, the Department of the Treasury declared

AmTrust insolvent and appointed the FDIC-R to act as AmTrust's Receiver.  Though the FDIC-R then transferred all of AmTrust's assets, and some of its liabilities, to New York Community Bank, contingent liabilities remained with AmTrust and were subject to the administration of the Receiver.  Doc. 6-1.

Plaintiffs' first claim alleges that Hillsborough and Amtrust engaged in intentional misrepresentation by making statements informing Plaintiffs they were receiving a fixed rate mortgage, while in fact setting up an adjustable rate mortgage. FAC at ¶¶ 42-48.  Plaintiffs allege that Hillsborough and AmTrust further engaged in misrepresentation by assuring Plaintiffs that they would work with Plaintiffs to modify their mortgage when they never had any intention of doing so.  FAC at ¶ 44.

The second claim alleges that Hillsborough and AmTrust made promises without intent to perform by promising a fixed rate mortgage while knowingly setting up an adjustable rate mortgage and by later promising to restructure the mortgage solely to keep Plaintiffs from fully discovering the deceit.  FAC at ¶¶ 49-53.

The third, and final, claim alleges that Hillsborough and AmTrust violated California Business & Profession Code § 17200, et seq., and California Financial Code § 22302 by engaging in the above mentioned actions and by entering into an unconscionable contract with Plaintiffs.  FAC at ¶¶ 54-64.

After learning of Plaintiffs' claims, the FDIC-R sent Plaintiffs, in care of their attorney of record, Gary Lane, written notice explaining the mandatory procedures for asserting a claim against the Receiver ("Claims Notice") on December 7, 2010.  Declaration of Nicholas J. Howard, Doc. 6-2, ("Howard

Decl.") at ¶ 4.  Though March 10, 2010 had initially been established as the Claims Bar Date for the AmTrust Receivership, because FDIC-R learned of Plaintiffs' claims after this date had passed, the FDIC-R allowed Plaintiffs until March 7, 2011 to submit their proof of claim.  Howard Decl. at ¶ 9.  As of May 1, 2011, Plaintiffs had not submitted any claims to the Receiver. Howard Decl. at ¶ 12.

### III.  ANALYSIS

#### A.  Standard of Review

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of an action for "lack of jurisdiction over the subject matter."  Faced with a Rule 12(b)(1) motion, a plaintiff bears the burden of proving the existence of the court's subject matter jurisdiction.  *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996).  A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears.  *Gen. Atomic Co. V. United Nuclear Corp.*, 655 F.2d 968, 968-969 (9th Cir. 1981).

A challenge to subject matter jurisdiction may be facial or factual.  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). This is a facial challenge.  "If the challenge to jurisdiction is a facial attack, i.e., the defendant contends that the allegations of jurisdiction contained in the complaint are insufficient on their face to demonstrate the existence of jurisdiction, the plaintiff is entitled to safeguards similar to those applicable when a Rule 12(b)(6) motion is made."  *Cervantez v. Sullivan*, 719 F. Supp. 899, 903 (E.D.Cal. 1989), rev'd on other grounds, 963 F.2d 229 (9th Cir. 1992).  "The factual

**4**

allegations of the complaint are presumed to be true, and the motion is granted only if the plaintiffs fail to allege an element necessary for subject matter jurisdiction." *Id.*

**B.  Subject Matter Jurisdiction**

On May 18, 2011, Defendant FDIC-R moved to dismiss all the claims against FDIC-R.  Defendants argue that Plaintiffs' failure to exhaust administrative remedies through FDIC-R strips any court of jurisdiction to hear Plaintiffs' claims under the Financial Institutions Reform, Recovery and Enforcement Act of 1989, 12 U.S.C. § 1821 ("FIRREA").

"The statute grants the FDIC, as receiver, broad powers to determine claims asserted against failed banks." *Henderson v. Bank of New England*, 986 F.2d 319, 320 (9th Cir. 1993).  The administrative claims process set up by 12 U.S.C. §§ 1821(d)(3) through (13) centralizes the initial consideration and resolution of claims by requiring that all claims be submitted to the FDIC-R by a set "Claims Bar Date" established by the Receiver.  This administrative claims process is mandatory.  Unless and until a claimant exhausts this process, subsection 1821(d)(13)(D) bars any court from asserting jurisdiction over claims against a failed institution for which the FDIC has been appointed Receiver:

> (D) Limitation on judicial review
> Except as otherwise provided in this subsection, no court shall have jurisdiction over -
> (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the

5

>Corporation has been appointed receiver, including assets
>which the Corporation may acquire from itself as such
>receiver; or
>(ii) any claim relating to any act or omission of such
>institution or the Corporation as receiver.

12 U.S.C. § 1821(d)(13)(D). Jurisdiction is "otherwise provided" by subsection 1821(d) only for those claimants who have completed the administrative claims process. *See* 12 U.S.C. §§ 1821(d)(6)(A)(ii), (d)(7)(A), (d)(8)(c).

"A claimant must therefore first complete the claims process before seeking judicial review." *Henderson*, 986 F.2d at 321 (citing *Abbott Bldg. Corp. V. United States*, 951 F.2d 191, 194 n.3 (9th Cir. 1991) ("FIRREA did create a claims procedure, and required its exhaustion."))

The Plaintiffs have not, and now cannot, satisfy the exhaustion requirement. The FDIC-R set a Claims Bar Date of March 10, 2010 for the AmTrust receivership, and allowed the Plaintiffs until March 7, 2011 to submit their proof of claim and other supporting documentation. This date passed with no submissions of any claim from Plaintiffs.

Plaintiffs had actual notice of the Receivership and the Claim Bar Date through the Claims Notice sent to them, in care of their attorney, explaining the mandatory procedures for asserting claims against the Receiver. Plaintiffs' claims were susceptible of resolution through the administrative claims procedure, as subsection 1821(d)(3)-(4) grants the FDIC-R the authority to make determinations regarding claims against the insolvent corporation. Because the Plaintiffs did not submit a timely

Proof of Claim to the FDIC-R as required by statute, this court lacks subject matter jurisdiction to hear any of Plaintiffs' claims.  *See Intercontinental Travel Marketing Inc. v. Federal Deposit Insurance Corporation*, 45 F.3d 1278, 1286 (9th Cir. 1994) (holding that plaintiff-creditor's failure to exhaust administrative claims process by failing to file a claim before the claims bar date stripped all courts of subject matter jurisdiction over its claims).

## IV. CONCLUSION

For the reasons stated above, Defendant's motion to dismiss (Doc. 6) is **GRANTED**; and this case is **DISMISSED WITH PREJUDICE**. Defendant shall submit a proposed order consistent with this memorandum decision by writing five (5) days following electronic service.

**SO ORDERED**

**DATED: July 13, 2011**

                                    /s/ Oliver W. Wanger
                                    **Oliver W. Wanger**
                              **UNITED STATES DISTRICT JUDGE**